EDWARD C. CORDERY, PLAINTIFF-APPELLANT, v. AMERICAN RAILWAY EXPRESS COMPANY, DEFENDANT-APPELLEE.

Decided June 7, 1927.

Common Carriers—Breaking of a Model While in Transportation—Judgment for Plaintiffs for Extra Expense in Operating Damaged Model by Hand and for Express Charges, But No Award for Cost of Restoring to its Original Condition—From this Plaintiff Appeals—Held, Error to Have Refused to Admit Evidence to Show this Loss and to Instruct Against its Recovery, Also Against Recovery for Loss on Original Contract for Use of Model.

On appeal from the Atlantic County Circuit.

Before Justices PARKER and CAMPBELL.

For the appellant, *Elwood C. Weeks*.

For the appellee, *S. Paul Ridgway*.

PER CURIAM.

The action was for the purpose of recovering damages arising out of breakage and damage to a model to be used to show accident scenes. In addition to breakage some parts were lost. The shipment was made from Pleasantville, New Jersey, to Albany, New York.

Appellant was under contract to construct, deliver and exhibit the model in Albany, for which he was to receive a stipulated lump sum of $1,375. Because of the lost and damaged parts he was unable to completely and satisfactorily perform his contract. Instead of operating the device by electricity he was obliged to do so by hand.

He was also obliged to return the model to his shops at Pleasantville, New Jersey, and rebuild it. His extra expense in operating by hand power and the express charges to Albany amounted to $115.69, for which amount he has a verdict and judgment.

From this judgment he appeals assigning four amended reasons for reversal in place of the original reasons one to six inclusive.

These grounds for reversal relate to alleged erroneous rulings of the trial judge in overruling the following questions:

1. "What was the value of the model to you?"

Respondent contends that this is not properly before us because no exception was taken to the ruling excluding it. This question, however, appears twice. First on pages 24 and 25 of the state of case, where an exception was taken, and again on page 26 where no exception was taken.

The ruling was neither harmful nor prejudicial, under the circumstances, which were that appellant was paid in full the amount of his contract with the State of New York.

with the exception of $200 and that he constructed the model, the cost of which work, &c., he testified to at page 38.

2. "How much do you say that the shafting that was lost and the pulley brackets to which you have referred here are worth?"

This question as it appears in the state of case had added to it the words "to you" so as to call for a value to appellant.

This ruling was not erroneous for the reason already expressed and further because immediately following the ruling excluding this question the witness testified that it cost him over $1,500 to reproduce the model.

3. (a) "What did you pay on the return of the model to Pleasantville?"

The ruling excluding this question from being answered was erroneous because it appears to have been necessary to return the apparatus to appellant's shops at Pleasantville in order to make the necessary repairs and therefore such cost was an element of damage.

(b) "Except for the damage that happened were you to take the model back to Pleasantville?"

The ruling excluding this question was also erroneous.

4. (a) "Do you know what the departure work, including the material and time on it, amounted to?"

(b) "Do you know whether, if you had reproduced the exact first model without any departure on the second occasion, it would have required more time or less time than was put in on the second model?"

Both of these questions were proper and it was error to exclude them because appellant had already testified what the cost of rebuilding was and that certain changes were made in the second model. In order to show a necessary and perhaps large item of loss he was entitled, if he could, to make answer to these questions.

The next ground for reversal is number 7 of the original grounds filed and is directed at the following portions of the court's charges:

(a) "The only damage which the express company is answerable for is the damage that would compensate the

plaintiff for the lost goods and for moneys expended by the plaintiff in making repairs and hiring additional necessary help."

(b) "The court instructs you as a matter of law that there can be no recovery on the part of the plaintiff in this case for any expenses incurred by him in creating and making a new design which was to be exhibited and was exhibited over there at a future time."

To excerpt "a" above set out must be added the following to make the quotation of the judicial instruction complete and exact, namely, "and the amount so expended by the plaintiff was testified by him as being $115.69."

Such instruction was erroneous. Appellant was entitled not only to this sum of $115.69 but also to the cost of restoring the model to its original condition, including the cost of transportation back to his shop and the loss on his original contract which was $200. He was not, of course, entitled to recover the expense of changes in the second model wherein it was different from the first.

Ground eight is directed at the refusal of the trial court to charge appellant's requests, but there seems to have been no exceptions taken to this action.

The final ground is number nine, that the verdict is against the weight of the evidence. This is not a proper ground of appeal.

The judgment is reversed, with costs.